# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fenty, et al., | No. CV 20-01192-PHX-SPL (JZB) |
| Plaintiffs/Petitioners, | |
| v. | **ORDER** |
| Sheriff Paul Penzone, et al., | |
| Defendants/Respondents. | |

Plaintiffs/Petitioners Jason Fenty, Brian Stepter, Douglas Crough, Edward Reason, Jesus Tequida, Ramon Avenenti, Anthony Scroggins, Dale Perez, and Tamara Ochoa, who are each confined in a Maricopa County Jail, and the Puente Human Rights Movement (hereafter "Plaintiffs"), have filed through counsel a "Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief" (hereafter "Complaint"). (Doc. 1.) Pending before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order. (Doc. 14.)

**I.    Background**

Plaintiffs allege in their Complaint that six of them have one or more underlying medical conditions that make them vulnerable to severe adverse consequences if they contract COVID-19 in the jail and that one Plaintiff has contracted COVID-19 but has received inadequate medical care. Plaintiffs assert claims under the Eighth and Fourteenth Amendments, Title II of the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs seek Court intervention to require Maricopa County Jails to operate in accordance

with "public health principals" by releasing as many medically vulnerable detainees "as reasonable" and requiring "improved social distancing, testing, treatment, education, hygiene and sanitation protocols" for the remaining prisoners and staff. Plaintiffs bring this case as a class action on behalf of two classes: (1) a Pretrial Class, which includes a Pretrial Medically Vulnerable subclass and a Pretrial Disability subclass; and (2) a Postconviction Class, which includes a Postconviction Medically Vulnerable subclass and a Postconviction Disability subclass.[1]

Upon screening, the Court ordered service and required Defendants-Respondents Maricopa County Sheriff Paul Penzone, in his official capacity, and Maricopa County to answer the Complaint. (Doc. 5.)

## II. Ex Parte Application for Temporary Restraining Order

In their Application, Plaintiffs request "immediate improvement of conditions at the Maricopa County jails" with respect to COVID 19 measures; the immediate release of the Pretrial Medically Vulnerable and Pretrial Disability Subclasses "who are incarcerated solely due to their inability to afford a financial condition of release, or whose release Defendants do not object to"; and a process for identifying and promptly releasing other members of the Pretrial Medically Vulnerable and Pretrial Disability Subclasses. (Doc. 14 at 37.)

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (discussing Ninth Circuit's "serious questions" test). A temporary restraining

---

[1] Plaintiffs' Motion to Certify Class (Doc. 11) is also pending before the Court and will be addressed in a separate Order.

order ("TRO") under Rule 65(b), unlike a preliminary injunction under Rule 65(a), may be entered before an adverse party has had an opportunity to respond. A TRO may issue if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Plaintiffs have not demonstrated that they will suffer irreparable injury before Defendants can be heard in opposition, and therefore fail to meet their burden to demonstrate that they are entitled to immediate ex parte injunctive relief. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). Nor has Plaintiffs' attorney certified in writing any efforts made to give notice and reasons why it should not be required. The request for a TRO will therefore be denied. The Court will, however, construe Plaintiffs' Application as a request for injunctive relief and require Defendants-Respondents to respond to Plaintiffs' request for preliminary injunction and set an expedited briefing schedule.

**IT IS ORDERED:**

(1) Defendants-Respondents Penzone and Maricopa County shall have **14 days** from the date of this Order to file a response to the Ex Parte Application for Temporary Restraining Order (Doc. 14), which the Court construes as a Motion for Preliminary Injunction.

(2) Plaintiffs shall have **10 days** from the filing of Defendants-Respondents' Response to file a Reply.

(3) The Clerk of Court must send a copy of this Order to counsel for Defendants Penzone and Maricopa County by email to vigilj@mcao.maricopa.gov and certified mail to Maricopa County Attorney Civil Services Division, 225 W. Madison St., Phoenix, AZ 85003.

(4) Plaintiffs must immediately file a "Notice of Change in Status" if there is any material change in a Plaintiff's custody status. Any request for relief must be made by separate motion and may not be included in the Notice.

Dated this 2nd day of July, 2020.

*Honorable Steven P. Logan*
United States District Judge