IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fenty, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>　　　　　Defendants. | No. CV-20-01192-PHX-SPL (JZB)<br><br>**PROTECTIVE ORDER** |

     Pending before the Court is the parties' Stipulated Motion for Protective Order. (Doc. 77.) After review, the Court will grant the stipulation of the parties, and enter a protective order to preserve the confidentiality of certain documents, testimony, and information produced in this litigation.

     Accordingly

     **IT IS ORDERED** that the parties' Stipulation (doc. 77) is **granted**.

     **IT IS FURTHER ORDERED**:

1. All Protected Health Information, Personal Information, and / or Security Information produced in discovery in this action shall be regarded as confidential information and subject to this Protective Order. For the purpose of this Protective Order, the term "confidential information" shall refer to documents, or portions thereof, discovery responses, testimony, and copies, notes, extracts, written summaries or written descriptions of such material.

    a. "Protected Health Information" (hereinafter "PHI") is defined by the Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103, and includes information covered by A.R.S. § 12-2294.

    b. The term "Security Information" refers to information that would threaten the safety or security of a person or institution if disclosed without protective conditions.

    c. The term "Personal Information" refers to all documents containing dependent information, personal addresses or phone numbers, social-security numbers, or other identifying information (does not include names of Defendants' current and former employees, agents, or contractors) or personal contact information concerning current or former employees, agents, or contractors of Defendants.

2. CONFIDENTIAL INFORMATION containing Security Information or Personal Information will be produced with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." Access to information so labeled will be restricted to the attorneys in this action and persons listed in Paragraph 7, and will be handled accordingly at all times barring a written agreement by Defendants to modify or remove the designation or a court order. Documents produced with the label "CONFIDENTIAL/ATTORNEYS' EYES ONLY" will not be shown or disclosed to any present or former class member, or any member of the general public, unless they are already public records.

3. The term "litigation" shall mean this action, any appeals of this action, and any action related to the enforcement or monitoring of any injunction or other relief obtained in this litigation.

4. Any party or third party may designate material as confidential information. The designation of documents as containing material as confidential pursuant to Paragraph 1 shall be made by placing or fixing on the first page of the material, in a manner that will not interfere with the material's legibility, the words

"Confidential Information – Subject to Protective Order."

5. Any confidential information filed with the Court shall be filed under seal, and if filed publicly with the Court, with the relevant confidential PHI, Personal Information, and / or Security Information redacted. Upon failure of the filing party to file the unredacted document under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 5.6 shall be followed.

6. Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, by the parties, their counsel, or any of the representatives, agents, expert witnesses, or consultants, except for the preparation and trial of this action and as otherwise limited by this Order.

   a. Except as authorized in the following sub-paragraph b, confidential information concerning a current or former class member shall not be disclosed to or discussed with another class member except after order of the Court, consent of opposing counsel, or failure of opposing counsel to object in writing ten days' after counsel provides written notice of intent to make specific disclosure.

   b. Confidential information may be shown to and reviewed by a named Plaintiff or class member in this matter if:

      i. The Confidential Information is (A) material contained in the respective named Plaintiff's or class member's medical records or otherwise pertains to the respective named Plaintiff or class member, or (B) is written by the respective named Plaintiff or class member.

7. Confidential information, including information designated as "Confidential/Attorneys' Eyes Only," received from the opposing party or a third party may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

   a. Counsel of record for the parties, and employees and agents of such counsel who are assisting such counsel in this litigation or enforcement or monitoring

of any injunction or other relief obtained in this litigation.

    b. The Court and court personnel;

    c. Stenographic and videographic reporters engaged in such proceedings;

    d. All experts and consultants retained by the parties;

    e. Witnesses to whom confidential information may otherwise be disclosed during a deposition taken in the matter or otherwise during the preparation for trial. Such witnesses may not leave the deposition with copies of any confidential information unless it is their own confidential information;

    f. Defendants' health care contractors' and/or subcontractors' employees, personnel, or representatives; and

    g. Any person expressly named and agreed to in writing by Counsel for the parties.

8. When an incarcerated person consents to the disclosure of his own confidential information, Plaintiffs' counsel can do so in accordance with that consent.

9. Before being given access to confidential information received from an opposing party or a third party, each qualified person listed in Paragraph 7 (other than counsel of record, the Court, Court personnel, and stenographic/videographic reporters engaged in such proceedings) shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree on the record in deposition or in open Court or in writing to be bound by the Agreement by signing a document substantially similar to Exhibit A hereto. Unless such an agreement is made on the record, the person making the disclosure shall retain the original executed agreement until termination of this litigation, or until otherwise ordered by the Court. Counsel of record shall maintain a list of all qualified persons to whom they or their client have provided any confidential information, and that list shall be available for inspection by the Court and opposing Counsel by order of the Court.

10. Except to the extent otherwise permitted by this Protective Order, every qualified person provided copies of or access to confidential information pursuant to this

Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of such material as confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such confidential information, except as permitted by this Order or further order of the Court.

11. If any Counsel of record distributes copies of material containing confidential information to one or more qualified persons, all such materials, and all copies, notes, extracts, summaries, or descriptions of such material, shall be returned to that Counsel of record at the completion of a qualified person's consultation or representation in this case or shall be destroyed. That Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been returned or destroyed as required. For court filings and work product, this Protective Order will continue to govern such material.

12. After the termination of this litigation by entry of a final judgment or an order of dismissal, and any appeal, the provisions of this Protective Order shall continue to be binding. The terms of this Order constitute and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by Rules of Professional Conduct in this jurisdiction). The terms of this Protective Order may be enforced by specific performance in any court of competent jurisdiction. Within 90 calendar days of the final conclusion of this litigation (including all time for appeals, or the expiration or dissolution by the Court of any consent decree, order or judgment, whichever is later), each party shall destroy all documents or parts thereof designated as confidential information, and all copies thereof in its possession, including documents in the possession of all

persons hired or retained by plaintiff to assist in connection with this litigation. This Provision does not require the destruction of any court filings or any work product, even if such documents include confidential information. Counsel of record shall, upon request by opposing Counsel or the Court, provide written confirmation that all materials containing confidential information, and all copies, notes, extracts, summaries, or descriptions of any such material have, to the best of Counsel's knowledge, been destroyed as required.

13. Nothing in this order is intended to prevent Defendants or their employees or agents from having access to confidential information to which they have access in the normal course of their official duties. Nothing in this order shall limit any party's right to disclose to any person, or use for any purpose, its own information and documents. The designation of documents provided by the Defendants as confidential information pursuant to Paragraph 1 shall not be construed to restrict the right of Defendants to utilize such information in the ordinary course of operation of the correctional institutions of the State, and in the provision of care and custody to incarcerated persons confined in such institutions.

14. If a party inadvertently produces confidential information as defined in Paragraph 1 without the required label, the producing party shall inform the receiving party in writing and shall identify the specific material at issue immediately upon discovering the inadvertent omission. Likewise, if a receiving party contends that confidential information was produced without the required label, the receiving party shall inform the producing party in writing and the specific material at issue upon discovering the failure to label the information. Upon receipt of notice, all parties shall treat the material identified in the notice as confidential unless and until the designating party withdraws the designation or unless this Court enters an order stating that the document shall not be treated as confidential information.

15. The parties retain the right to challenge the designation of a particular document as CONFIDENTIAL or "CONFIDENTIAL/ATTORNEYS' EYES ONLY." If a party

to this Order who has received material marked CONFIDENTIAL or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" disagrees with the designation, in full or in part, the party shall notify the producing party in writing, and the parties will confer in good faith as to the status of the material at issue. If the recipient and the producing party are unable to agree upon the status of the material at issue, any party may raise the issue with the Court for resolution. The burden of proof with respect to the propriety or correctness of the designation of information will rest on the designating party.

16. A party producing confidential information as defined by Paragraph 1 that belongs to another party or third party is obligated to mark the material consistent with this Protective Order.

17. This Protective Order shall be binding on the parties, any third parties that agree to be bound by this Protective Order, attorneys of any party or third party to this Protective Order, and the parties', third parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, and other persons or organizations over whom or which the parties have control.

18. The provisions of this order are without prejudice to the right of any party: (a) to apply to the Court for a modification of this order or further protective orders relating to discovery in this litigation; (b) to apply to the Court for an order removing the confidential information designation from any document; (c) to object to a discovery request; or (d) to apply to the Court for an order compelling production of documents or compelling an answer to a discovery request.

19. This Protective Order does not waive any party's right to lodge objections as permitted by the Federal Rules of Civil Procedure or other applicable legal authority.

20. By stipulating to this Protective Order, no party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work product doctrine, relevance, or any

    other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

21. Documents disclosed pursuant to this Protective Order may only be used in this litigation and shall not be provided to individuals other than those outlined in Paragraph 7 (including the media) or used to support or bring other claims or lawsuits (including at depositions), absent a court order permitting same.

22. The parties shall address the court at a later date on appropriate procedures for trial and other legal proceedings.

23. The provisions of this order shall remain in full force and effect until further order of this Court.

Dated this 22nd day of March, 2021.

                                          Honorable John Z. Boyle
                                          United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fenty, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>　　　　Defendants. | No. CV-20-01192-PHX-SPL (JZB)<br><br>**EXHIBIT TO PROTECTIVE ORDER** |

　　　I, _____, have read the protective Order in *Fenty v. Penzone*, Case No. CV-20-01192-PHX-SPL (JZB). I understand and agree to be bound by and abide by its terms. I agree that all information provided to me in this matter is to be treated as confidential, and all copies of any kind, whether paper, electronic, or in other media, are to be provided to Counsel of record immediately upon completion of any work performed by me. I further consent to be subject to the jurisdiction of the United States District Court for the District of Arizona for the purposes of any proceeding for contempt.

Date: _____　　　　Signature: _____

Printed Name: _____