# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fenty, et al., | No. CV-20-01192-PHX-SPL (JZB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |

On March 31, 2021, the Court held a telephonic hearing between the parties on three specific discovery issues: (1) Plaintiffs' ability to conduct an in-person inspection of Maricopa County Jails; (2) Plaintiffs' counsel's ability to take their own photographs while conducting an inspection; and (3) Plaintiffs' expert's ability to speak briefly with incarcerated persons and jail staff as the expert encounters them during the inspection. Based on that conference, the Court finds that Plaintiffs are entitled to conduct an in-person inspection of Maricopa County Jails, but that Defendants may designate a staff member to take photographs during the inspection at Plaintiffs' counsel's direction. Additionally, Plaintiffs' expert is not permitted to conduct interviews of inmates or jail staff encountered on the inspection.

**I.  In-Person Inspection.**

Plaintiffs frame the first discovery issue as follows:

> Plaintiffs seek to conduct an in-person inspection of the Maricopa County Jails and believe that precautions can be

> taken (including vaccination) to mitigate the risk of COVID-19 transmission. Defendants will only consent to a virtual (i.e., video) inspection of the facilities and claim that no measures can be taken to limit the risk of COVID-19 transmission posed by an in-person inspection.

In response, Defendants assert that "[d]ue to COVID-19, Plaintiffs' request for an in-person inspection of all six MCSO facilities by both their attorneys and an unidentified expert, poses an unnecessary risk to the health and safety of staff, inmates, and counsel." Defendants argue that "[a] Zoom tour (which Defense counsel have facilitated for numerous facilities, attorneys, and experts across the country during the pandemic) eliminates these risks, while still allowing Plaintiffs' counsel to view and photograph areas, just as they would if they were physically present."

> Rule 34 of the Federal Rules of Civil Procedure provides that:
>
> a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
>
> . . .
>
> (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a)(2).

It is undisputed that in-person inspections of detention facilities is permitted under Rule 34. Instead, Defendants argue that, in light of the COVID-19 pandemic, the Court should not permit Plaintiffs to conduct an in-person inspection of the jails because of added risk and the availability of alternative video inspection. Defendants' argument is not persuasive for three reasons. First, case law makes clear that firsthand observations of conditions at a facility is likely to yield information that could not be readily obtained through secondhand accounts. *Alvarez v. LaRose*, 2020 WL 5594908, at *6 (S.D. Cal. Sept. 18, 2020). And while a Zoom call may be better than a secondhand account of the facility, it certainly will provide less information than an in-person inspection would provide.

Second, based in part on recent CDC guidelines[1], protective measures can be taken such that there is no substantially-heightened health concern in conducting an in-person inspection versus a Zoom inspection. At the hearing, Plaintiffs' counsel stated both Plaintiff's attorney and the expert conducting the inspection would be fully vaccinated for the appropriate amount of time, would both be wearing masks, and would both observe social distancing procedures. Such precautions make it seem unlikely that permitting the in-person inspection adds any substantial risk to facility staff and inmates that does not already exist with the processing of dozens if not hundreds of new inmates each week.

Third, other Courts have permitted in person inspections of detention facilities during the past year. *See Alvarez*, 2020 WL 5594908 (S.D. Cal. Sept. 18, 2020) (permitting a Rule 34 site inspection of a detention center in September 2020 to determine if the conditions of confinement were constitutionally sufficient); *Chunn v. Edge*, No. 20-CV-1590 (RPK), 2020 WL 1872523, at *2 (E.D.N.Y. Apr. 15, 2020) (permitting inspection of detention facility by an expert and an attorney prior to the submission of a TRO in April 2020).

For these reasons, the Court will grant Plaintiffs' request to permit an in-person Rule 34 inspection of all six Maricopa County Jails, subject to the following conditions:

**1.    Plaintiff may provide two individuals for the inspection, one attorney and one expert.**

**2.    Both individuals must be at least 14 days past receiving either their second dose of the Pfizer or Moderna vaccine, or their first dose of the Johnson & Johnson Vaccine.**

**3.    Both individuals must be masked for the duration of their inspection.**

---

[1] Current CDC guidelines for individuals who are "fully vaccinated" advise that the following precautions should be taken whenever gathering with unvaccinated people from more than one household: wear a mask, stay at least six feet apart from others, avoid crowds and poorly ventilated spaces. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html#print (last visited March 31, 2021.) And while the CDC is "still learning how well COVID-19 vaccines keep people from spreading the disease[,]" "[e]arly data show that the vaccines may help keep people from spreading COVID-19. . . ." (*Id.*)

**4.     Both individuals must always maintain at least six feet of social distancing from any staff or inmate at the facility.**

## II.    Photographs During Inspection.

Plaintiffs frame the second issue as follows:

> Plaintiffs' counsel seek to be able to take their own photographs while conducting an inspection in order to protect, under the work-product doctrine, any attorney's mental impressions that may be revealed by the selection/subject matter of what is photographed. Defendants only want photographs to be taken by Defendants' staff and believe that the work-product doctrine does not apply.

In response, Defendants assert that "Defendants do not object to allowing photographs to be taken. Rather, they object to Plaintiffs' counsel bringing their own camera equipment into a secure correctional setting." Defendants propose that "Defendants will designate a staff member to operate the camera and take photographs at Plaintiffs' counsel's direction. Plaintiffs' counsel will view the image and confirm it captures what they intended. At the conclusion of the tour, Defense counsel will provide Plaintiffs' counsel with the photographs electronically."

Defendants' suggestion is reasonable, and the Court will adopt it. The Court is not convinced that the mere selection of what gets photographed and what does not get photographed amounts to work product subject to protection under Rule 26. To be sure, Defendant is not entitled to any attorney or expert impressions of the various photographs; but knowledge of the subject matter itself is not improper. However, in an abundance of caution, the Court will order that when the photos are screened for security purposes following the inspection and prior to disclosure to Plaintiffs, it must be a facility security officer who conducts that screening – not Defendants' attorney. The parties must also confer and agree on a protective order suitable to the needs of this case.

## III.   Plaintiffs May Not Conduct Interviews of Inmates or Jail Staff.

Plaintiffs frame the third issue as follows:

> Plaintiffs ask that their expert be allowed to speak briefly to incarcerated persons (i.e., Plaintiffs' counsel's clients) and Jail

staff as the expert encounters them during the inspection. Defendants object to allowing the expert to speak to Plaintiffs' counsel's own clients or to staff, claiming that this constitutes a "roving" deposition. (This is despite the fact Plaintiffs agreed that only their expert—and no attorney—will be posing questions to staff or incarcerated persons.)

In response Defendants stated that they "do not object to Plaintiffs' expert asking brief questions of inmates they encounter on the tour. To the extent they wish to conduct lengthy interviews, however, it is more appropriate to do so telephonically so as not to unnecessarily delay/extend the tour." Specifically, "Defendants object to Plaintiffs' expert interviewing jail/medical staff outside of a formal deposition setting as it creates evidentiary issues." The Court agrees.

To the extent Plaintiffs seek to conduct interviews of various inmates and jail staff during the Rule 34 inspection, the Court will deny that request. Nothing in Rule 34 permits such interviews. Defendants note that they "will have a designee available to answer basic questions regarding each facility." And because Defendants do not object, Plaintiffs' expert may ask brief questions of inmates they encounter on the inspection. Anything more substantial, however, is prohibited.

Accordingly,

**IT IS ORDERED**:

1. Plaintiffs are permitted to conduct in-person Rule 34 inspections of the six Maricopa County Jails at issue here, subject to the limitations set forth in this order.

2. Plaintiffs may not take photographs during their Rule 34 inspections. Instead, Defendant shall designate a staff member to operate the camera and take photographs at Plaintiffs' counsel's direction. Plaintiffs' counsel will view the image and confirm it captures what they intended. At the conclusion of the tour, a security officer from the facility who is not Defendants' attorney will review the images for any security concerns, and the images will be promptly provided to Plaintiffs' counsel electronically.

3. Neither Plaintiffs' counsel, nor Plaintiffs' expert may conduct interviews with inmates of Jail Staff encountered on the inspections. Plaintiffs' expert may ask brief

questions of inmates encountered on the inspections, to the extent discussed in this Order.

Dated this 31st day of March, 2021.

Honorable John Z. Boyle
United States Magistrate Judge