Daniel P. Struck, Bar No. 012377
Rachel Love, Bar No. 019881
Nicholas D. Acedo, Bar No. 021644
Ashlee B. Hesman, Bar No. 028874
Kevin L. Nguyen, Bar No. 027870
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
knguyen@strucklove.com

*Attorneys for Defendants-Respondents Sheriff
Paul Penzone and Maricopa County*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Fenty, et al., | NO. 2:20-cv-01192-PHX-SPL (JZB) |
| Plaintiffs-Petitioners, | **JOINT REPORT** |
| v. | |
| Sheriff Paul Penzone, et al., | |
| Defendants-Respondents. | |

## DEFENDANTS' POSITION

A summary of the parties' attempts to resolve these issues is detailed in the Joint Report submitted to the Court on July 21, 2021.  (Joint Report at 5–11.)  Since the submission of the first Joint Report, Plaintiffs have served second supplemental responses to their responses to Defendants' First Set of Interrogatories and Requests for Production and Second Set of Requests for Production.  *See* Exhibit 1 (Plaintiffs' Second Supplemental Responses).  While the parties resolved some issues as a result of that supplementation (or through Plaintiffs' agreement to further supplement), as detailed below, deficiencies remain.  Additionally, Plaintiffs refuse to supplement their objections and responses to comply with the Federal Rules.  Plaintiffs' objections are boilerplate, non-specific, and fail

to explain how or why they believe Defendants' requests are overbroad or burdensome.[1] Add to this, Plaintiffs continue to rely upon the incorrect and outdated discoverability standard of "reasonably calculated to lead to the discovery of admissible evidence." (Ex. 1.) Defendants brought this error to Plaintiffs' attention on June 9, 2021, but to date they have failed to correct it. (Attachment J to July 21, 2021 Joint Report) at 2–3. Regardless, Plaintiffs' Responses to Defendants Interrogatories were late and therefore all objections have been waived. (*Id*. at 2.)

Plaintiffs' Responses to Defendants' Requests for Production do not comply with Rule 34(b)(2)(c)'s requirement that a responding party "state whether any responsive materials are being withheld." Significantly, other than a declaration from Puente's Co-Executive Director, Plaintiffs have refused to produce *any* documents in response to Defendants' 22 discovery requests. Importantly, Plaintiffs did not lodge relevance objections to Defendants' Requests for Production. Additional disputes which are specific to individual requests are detailed below.

## I.      Plaintiffs' Second Supplemental Interrogatory Responses.

**Interrogatory No. 1**:[2] Defendants are entitled to explore the history, nature, and extent of Plaintiffs' medical conditions where Plaintiffs describe themselves as "medically vulnerable" and "disabled" and allege Defendants failed to protect them. This information is relevant and not tethered to class certification. *See O'Connor v. Boeing N. Am., Inc*., 185 F.R.D. 272, 283 (C.D. Cal. 1999) (finding post-certification that medical records of class representatives were "reasonably calculated to lead to the discovery of admissible evidence" as Plaintiffs claimed they were medically harmed);*see also* (July 21, 2021 Joint Report) at 9. Without knowing the extent of their claimed conditions, Defendants are hampered in their ability to defend against Plaintiffs' allegations. Further, as discussed below, Plaintiffs

---

[1] The legal authority which requires specificity in objections is detailed in Defendants' June 9, 2021 correspondence. (Attachment J to July 21, 2021 Joint Report) at 1–2.

have agreed to provide releases for this information in response to Defendants' Requests for Production 3 & 4.  It is therefore unclear why they object to Interrogatory No. 1.

**Interrogatory No. 2**:  For the same reasons discussed under Interrogatory No. 1, Plaintiffs should be required to disclose whether medical providers have rendered opinions regarding their conditions.

**Interrogatory No. 3**:  Defendants are entitled to review Plaintiffs' incarceration history to determine whether to request records from such facilities either to review for medical conditions or for impeachment purposes.

**Interrogatory No. 5**: Plaintiffs' response fails to refer to any specific MCSO policy. To the extent Plaintiffs allege any policy was insufficient, such policies should be specifically referenced.  Moreover, Plaintiffs should not be permitted to qualify their response with "including but not limited to."  All responsive information should be included.  Plaintiffs should be precluded from arguing any policy, practice, or procedure was insufficient to the extent it is not listed in response to this Interrogatory.

**Interrogatory Nos. 6–8**:  Plaintiffs' responses remain vague and overbroad.  For example, Plaintiffs' response states Defendants were required to "properly" test, screen, and take certain affirmative acts, but does not specify what they claim Defendants were required to do in order to make their policies, practices, and procedures "proper."  Simply concluding that Defendants should have "properly" conducted tracing and testing, and "properly" quarantined class members does not respond to this interrogatory.   Indeed, as the Court noted during the July 22, 2021 discovery dispute hearing:

> This is a contention interrogatory. You want them to perform. You want Judge Logan to rule for you. You better be prepared to tell the Court what it is specifically they are not doing that you are requesting.

(Transcript of July 22, 2021 Hearing at 41:6–9.)

They have failed to do so.

**Interrogatory No. 11**:  Plaintiffs' response should be supplemented to explain what is meant by "sufficient vaccination rates" and to state what vaccination rate Plaintiffs

contend Defendants are required to achieve.

**Interrogatory Nos. 13–14**:   Supplementation is required for the same reasons detailed under Interrogatory No. 6.   Additionally, as detailed in Defendants' June 9, 2021 correspondence, references to Plaintiffs' Complaint (which was filed over 14 months ago and is based upon stale CDC guidance and data) is improper.   (Attachment J to July 21, 2021 Joint Report) at 3–4.

## II.   Plaintiffs' Second Supplemental Responses to Requests for Production.[3]

**Request for Production Nos. 2–3:**   On May 26, 2021, Plaintiffs agreed to execute releases indicating they "will be produced forthwith."   To date, no releases have been received.

**Request for Production Nos. 5–7, 10:**   In response to these requests, Plaintiffs' supplemental responses state, "after a diligent search, Plaintiffs have not identified any documents in their possession, custody, or control responsive to this request."   This response is remarkable, as these requests ask Plaintiffs to produce documents that support the claims in their Complaint.   Plaintiffs have therefore conceded there are no documents they will use to support the claims in their Complaint.   To the extent Plaintiffs are under the misimpression that they do not have to reference responsive documents that were produced by Defendants, that is incorrect.   *See Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) (requesting party "is entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, *regardless of whether the documents have already been produced*." (emphasis in original)).   Finally, Plaintiffs' bald assertion that they should be absolved of their obligation to produce documents because they are incarcerated has already been rejected by the Court.   Indeed, the Court informed Plaintiffs, "It's not a defense

---

[3] Defendants request that, for all requests where no responsive documents exist, Plaintiffs definitively state as such.

to say, 'My client is in custody.'" (Transcript of July 22, 2021 Hearing at 28:12–23.)

**Request for Production No. 22**:  In response to Defendants' Motion to Dismiss, Plaintiffs argued Puente has associational standing because some of its members have family who are incarcerated in MCSO jails.  (Dkt. 42 at 8.)  This request seeks to confirm Plaintiffs' allegation, by requesting documents which establish that members are currently in MCSO custody.  Plaintiffs object that this request invades "personal privacy" rights which are protected by the First Amendment.  Puente has waived any privacy rights by filing suit.  Puente cannot sue Defendants and then hide behind the First Amendment when Defendants attempt to explore the basis of Puente's claims and its standing to bring them.

**PLAINTIFFS' POSITION**

Plaintiffs' supplemental responses have thoroughly addressed Defendants' discovery requests.  With respect to relevance objections in the Interrogatories, Plaintiffs did raise relevance objections—for example, part of the response to Defendants' Interrogatory No. 1 is "Interrogatory No. 1 is irrelevant because the class has already been certified and this is not a medical malpractice case."  (Ex. 1, Plaintiff Petitioners' Second Supplemental Response to Defendants' First Non-Uniform Interrogatories ("Supplemental Interrogatory Responses"), at 3.)  Interrogatories 2 and 3 incorporate the same reasoning that this is not a medical malpractice case.  (*Id.* at 4; *see also* Attachment K to July 21, 2021 Joint Report at 1.)

With respect to waiver, Plaintiffs cited case law and explained in their June 18, 2021 letter that waiver does not apply where Defendants allege no prejudice, the delay lasted less than half a day, and this is the first instance of Plaintiffs' slight lateness.  (Attachment K to July 21, 2021 Joint Report at 1).

I.     **Plaintiffs' Second Supplemental Interrogatory Responses.**

**Interrogatory Nos. 1-3:**  For the reasons outlined in Plaintiffs' Supplemental Interrogatory Responses, Plaintiffs maintain their objection that information regarding Plaintiffs' medical conditions is irrelevant because this case is not a medical malpractice case, and Judge Logan has already certified the class.  Defendants have never appealed Judge Logan's Order (the time has long passed for such an appeal), and Defendants' attacks amount to nothing more than a belated attempt to collaterally attack Judge Logan's Order.  All case law Plaintiffs cited in the July 22, 2021 Joint Report are *pre-class certification*, and therefore do not apply here.  With respect to Defendants' citation above to *O'Connor v. Boeing N. Am., Inc*., that case is likewise distinguishable.  The *O'Connor* plaintiffs' medical records were relevant to their requested relief of "medical monitoring designed *to detect early signs of . . . illness or disease*" resulting from defendants' alleged nuclear or radiological contamination and to a possible defense to liability related to pre-existing medical conditions as opposed to the contamination.  *O'Connor*, 185 F.R.D. at 276, 283

1   (emphasis added).  Here, Plaintiffs are not requesting the relief requested in *O'Connor* and

2   the only possible relevance of the medical records is to improperly relitigate class

3   certification.  Furthermore, unlike *O'Connor*, the claims in this case are Constitutional in

4   nature and not based in tort.

5           **Interrogatory No. 5:**  Plaintiffs have met their discovery obligations with their

6   supplemental responses because the supplemental responses provides specific details about

7   how Defendants' practices and policies are deficient.  For example, Plaintiffs point out that

8   Defendants in some instances are not conducting temperature checks or screening when

9   "class members are quarantined" (Ex. 1, Supplemental Interrogatory Responses at 9), are

10   not conducting *any* screening of staff (*id.*), and do not screen for all of the CDC-listed

11   symptoms of COVID (*id.* at 9-10).

12           **Interrogatory Nos. 6-8, 13-14:**   Again, Plaintiffs have met their discovery

13   obligations with their supplemental responses because the supplemental responses provides

14   specific details about how Defendants' practices and policies are deficient.  Defendants

15   complain that Plaintiffs' use of the word "proper" is vague.  Not so: Plaintiffs provide

16   detailed specifics of what the facility must do.  For example, they point to Defendants'

17   "failure to provide … properly diluted bottles of disinfectants."  Ex. 1 at 8.  Although

18   dilution ratios differ between different cleaning products and Plaintiffs therefore cannot

19   provide a specific numerical ratio that is "proper" across all cleaning products, Plaintiffs'

20   description should leave Defendants with no doubt as to what dilution ratio is "proper" for

21   a given cleaning product.  Similarly, Plaintiffs specifically added a detailed description of

22   how Defendants failed to "provide proper and/or sufficient personal protective equipment":

23   they did not "provide to class members new masks when masks became dirty, soiled, lost,

24   or broken," "provide a way for storing masks that prevents them from becoming soiled

25   and/or dirty," "provide masks to class members as they are being transported," or "provide

26   gloves or gowns/coveralls for class members for cleaning areas occupied by someone with

27   COVID-19."  *Id.* at 9.  This is more than sufficient, particularly at this relatively early stage

28   of discovery before document production and depositions have been completed.

**Interrogatory No. 11:**  Interrogatory No. 11 seeks an identification of the steps Plaintiffs contend Defendants must take after they have offered the COVID-19 vaccine to each person in their custody in order to comply with the constitution, ADA, and Rehabilitation Act.  Plaintiffs supplemented their response to Interrogatory No. 11 to provide detailed contentions and to cite a number of articles showing the current scientific understanding of the efficacy of vaccines in carceral settings and against the now-dominant Delta variant of the virus.  Defendants largely do not take issue with this supplemental response.  Their only argument is that Plaintiffs must also elaborate on what a "sufficient vaccination rate" is and state a numerical rate that Defendants must achieve.

Unfortunately, Plaintiffs cannot currently state a fixed, numerical rate that will satisfy Defendants' legal obligations for the remainder of the course of the pandemic.  Rather, this rate will depend on changing factors such as vaccination rates in the broader community and the prevalence of different variants, including as-yet-unknown variants that may develop in the future.  For example, Dr. Anthony Fauci recently explained that "we don't know what that [vaccination] threshold is" where "the virus will disappear."  USA Today, *Dr. Anthony Fauci: Get vaccinated to stop risk of an even deadlier COVID variant* (Aug. 8, 2021) (available at https://www.usatoday.com/story/opinion/2021/08/08/anthony-fauci-covid-vaccinate-mandate/5507400001/).    It will also depend on facts presently unknown to the Plaintiffs that are in Defendants' sole possession, such as the percentages of incarcerated people and staff who have been provided specific vaccines, the population and housing density of the facility, and the specifics of testing and quarantine procedures.

## II.    Plaintiffs' Second Supplemental Responses to Requests for Production.

**Request for Production Nos. 2–3:**  RFP Nos. 2-3 are related to Interrogatory Nos. 1-3 because the releases being requested are for obtaining Plaintiffs' medical records. Because Plaintiffs' maintain their objections to their Interrogatory Nos. 2-3, releases will only be provided to the extent required by the Court.

**Request for Production Nos. 5–7:**    With respect to RFP Nos. 5-7, Plaintiffs note

that they are incarcerated (or were incarcerated during the most relevant time period), and they simply do not have many relevant documents in their possession.

**Request for Production No. 22**:   Plaintiffs maintain their objections that identification of rank-and-file members—particularly at the request of a government entity—invades First Amendment and personal privacy rights.

DATED: August 13, 2021

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**

**DECHERT LLP**

*/s/ Ashlee B. Hesman (with permission)*

*/s/ Timothy Ly*

Daniel P. Struck
Rachel Love
Nicholas D. Acedo
Ashlee B. Hesman
Kevin L. Nguyen
3100 West Ray Road, Suite 300
Chandler, Arizona 85226

*Attorneys for Defendants-Respondents Sheriff Paul Penzone and Maricopa County*

Timothy Ly (NY 5478540) *
Brian Raphel (NY 5592308)
Pat Andriola (NY 5406327) *
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
brian.raphel@dechert.com
pat.andriola@dechert.com
timothy.ly@dechert.com

Benjamin M. Sadun (CA 287533) *
Allison Ozurovich (CA 312797) *
**DECHERT LLP**
633 West 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
benjamin.sadun@dechert.com
allie.ozurovich@dechert.com

Shari Ross Lahlou (DC 476630) *
**DECHERT LLP**
1900 K Street, N.W.
Washington, DC 20006 - 1110
Telephone: (202) 261-3300
Shari.lahlou@dechert.com

Larry J. Wulkan (# 021404)
**ZWILLINGER WULKAN, PLC**
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel: (602) 962-0089
Fax: (602) 962-0089
Email: larry.wulkan@zwfirm.com

Olga Akselrod (NY 4132825) *
Corene T. Kendrick (CA 226642) *
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10014
Telephone: (212) 549-2569
oakselrod@aclu.org
ckendrick@aclu.org

Corene T. Kendrick (CA 226642) *
Kyle Virgien (CA 278747) *
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Telephone: (202) 393-4930
ckendrick@aclu.org
kvirgien@aclu.org

Jared G. Keenan (AZ 027068)
**ACLU FOUNDATION OF ARIZONA**
P.O. Box 17148
Phoenix, AZ 85011
Telephone: (602) 650-1854
jkeenan@acluaz.org

*Attorneys for Plaintiffs-Petitioners*

** Admitted Pro Hac Vice

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on August 13, 2021, I caused the foregoing document to be filed

4   electronically with the Clerk of the Court through ECF, and served the counsel of record

5   via the Court's CM/ECF System.

6

7                                    /s/ *Timothy Ly*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28