# EXHIBIT 7

# Kyle Virgien

| | |
|---|---|
| **From:** | Rachel Love <RLove@strucklove.com> |
| **Sent:** | Thursday, February 10, 2022 1:03 PM |
| **To:** | Kyle Virgien |
| **Cc:** | Fenty Team; Aditi Shah; Corene Kendrick; External - Jordan Carpenter; External - Kaitlyn Marasi; External - Larry Wulkan; Jared Keenan; Olga Akselrod; Pat Andriola; Shari Ross Lahlou; Timothy Ly |
| **Subject:** | RE: Fenty v. Penzone - Logistical Issues from Fact Depositions |

Kyle,

We disagree with your characterization below. No one is hiding information from the public. Defendants have not violated the protective order. And, we have not conceded any violation. Rather, as have maintained since the start of the discussion, since witnesses testified regarding documents that are subject to the protective order, we designated such testimony as confidential. When this approach did not satisfy Plaintiffs, we reasonably agreed to provide more specified designations by February 28th for 11 depositions taken by Plaintiffs.

Again, we cannot provide deposition designations for three depositions demanded by tomorrow (two of the depositions which lasted nearly 7 hours and one of which lasted 4 or more hours). As such, if you are attaching depositions excerpts for the three depositions to your filing tomorrow, they need to be filed under seal at this time. We believe the Court will understand that the parties are working on the redacted/sealed issue in the interim—particularly where Plaintiffs demanded redactions for nearly 20 hours of testimony by tomorrow, and where Defendants have agreed to provide designations by February 14th, just not by the dates you demand.

- Rachel

---

**From:** Kyle Virgien <kvirgien@aclu.org>
**Sent:** Wednesday, February 9, 2022 5:05 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Ly, Timothy <timothy.ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

Rachel,

To be clear, we are not unilaterally setting deadlines. Your clients, Sheriff Penzone and Maricopa County, are attempting to use improper blanket designations to hide from voters and taxpayers vast swaths of information about the ways in which their deficient COVID-safety measures at the jail have put the public at risk. This attempt to hide information from the public violated the protective order, a fact that you seem to concede because you have agreed that you will no longer seek to blanket-designate transcripts as confidential. In an attempt to avoid needing to go to Judge Logan with Sheriff Penzone and the County's violation of the protective order, we have proposed dates that will allow you to cure your improper designations without causing our clients further prejudice. You are refusing to abide by those dates, and you are causing our clients prejudice.

You are also refusing to comply with Local Rule 5.6(d), which requires the parties to meet and confer to determine what documents (or portions of documents) that you have designated as confidential must be filed under seal. You have

already admitted that the deposition transcripts contain material that you should not have designated as confidential. Your refusal to identify what that material is so that we can make our filing with appropriate redactions violates the local rules. Are you willing to meet and confer tomorrow, and provide us with an identification tomorrow of the portions of these transcripts that you contend are actually confidential?

**Kyle Virgien** | he/him | 310.801.3459

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Wednesday, February 9, 2022 9:14 AM
**To:** Kyle Virgien <kvirgien@aclu.org>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Timothy Ly <Timothy.Ly@dechert.com>
**Subject:** Re: Fenty v. Penzone - Logistical Issues from Fact Depositions

Kyle,

We are not seeking an extension of your unilaterally set deadlines. Instead, we are reasonably providing dates by which we are able to provide designations for the depositions you request. Defendants cannot provide the first set of designations by the date you demand. If you are attaching depositions or discussing testimony in the depositions for filings this week, we expect those will be filed under seal (redacted in the pleadings) and we can unseal the same if appropriate, after the designation process has been completed.

Rachel

Sent from my iPhone

> On Feb 8, 2022, at 7:08 PM, Kyle Virgien <kvirgien@aclu.org> wrote:
>
> Rachel,
>
> We can agree to the extension you seek to the 22nd for the confidentiality designations of the Harsha and Roska deposition transcripts. However, we cannot agree to the extension you seek to the 14th; instead, we need your designations for both depositions of Dr. Crutchfield and Dr. Gan by the 10th as we originally requested. We plan to file copies of these three deposition transcripts with the court this Friday. We must have the opportunity to review your confidentiality designations ahead of that filing so that we can meet and confer about any remaining disputes over those designations under L.R. 5.6(d). Please confirm that you will provide us those designations by this Thursday.
>
> Thank you.
>
> **Kyle Virgien** | he/him | 310.801.3459
>
> ---
>
> **From:** Rachel Love <RLove@strucklove.com>
> **Sent:** Tuesday, February 8, 2022 3:38 PM
> **To:** Kyle Virgien <kvirgien@aclu.org>
> **Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn

2

Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Timothy Ly <Timothy.Ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

Kyle,

Due to ensuing deadlines that our firm has that I advised of on the call, we can agree to the rolling production in the order you request, but Defendants will need until 2/14 for the first batch and 2/22 for the second batch.  Since the agreed upon completion date proposed by Defendants does not affect any discovery deadlines, there is no prejudice to Plaintiffs if productions are made on 2/14, 2/22, and 2/28.

- Rachel

**From:** Kyle Virgien <kvirgien@aclu.org>
**Sent:** Monday, February 7, 2022 3:53 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Ly, Timothy <timothy.ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

Rachel,

Thank you for meeting and conferring with us last week. On the issue of confidentiality designations, we can agree to the compromise you proposed, where Defendants will provide specific, narrow confidentiality designations (with citations for each designation of the appropriate category of protected information under the protective order) on a rolling basis, so long as you can agree to the timeline below for those rolling designations:

- Crutchfield, Crutchfield 30(b)(6), and Gan depositions: Feb. 10
- Harsha and Roska depositions: Feb. 17
- All remaining depositions: Feb. 28

Please confirm that this timeline works for you.

**Kyle Virgien** | he/him | 310.801.3459

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Tuesday, February 1, 2022 5:05 PM
**To:** Kyle Virgien <kvirgien@aclu.org>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Timothy Ly <Timothy.Ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

How about 3:30 AZ time?

---

**From:** Kyle Virgien <kvirgien@aclu.org>
**Sent:** Tuesday, February 1, 2022 2:50 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Ly, Timothy <timothy.ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

Rachel,

We disagree with two points in your email below, and we will need to meet and confer as soon as possible on them so that we can seek Magistrate Judge Boyle's assistance if necessary. We are available for this meet and confer tomorrow 11 am – 1 pm, 3-4, and after 4:30 pm Mountain time. Please let us know a time then that works for you.

First, the version of Dr. Crutchfield's notes that you produced is almost entirely redacted because you contend that these redacted portions are either (1) privileged or (2) unrelated to this case. Neither basis is appropriate. Your privilege claim was waived when Dr. Crutchfield brought these notes to a deposition and relied on them for his testimony. "Fed. R. Evid. 612, which applies to depositions through Fed. R. CIV. P. 30(c), entitles an adverse party to discovery of any writing, even one subject to privilege, used to refresh a witness's memory for the purpose of testifying, whether his memory is refreshed '(1) while testifying, or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice.'" *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235 (D. Md. 2010) (quoting Fed R. Evid. 612 and citing *Nutramax Labs., Inc. v. Twin Labs., Inc.*, 183 F.R.D. 458, 467 (D.Md. 1998)). Dr. Crutchfield used these notes while testifying, so they are discoverable. Nor are any of these notes unrelated to this case. As Dr. Crutchfield testified, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Crutchfield Rough Transcript at 3-4. They are therefore related to this case, and to the 30(b)(6) topics on which he testified. If you do not agree to produce these notes in their entirety, we will need to involve Magistrate Judge Boyle.

Second, Defendants' blanket designations of all deposition transcripts as confidential is improper. The protective order in this case permits defendants to designate as confidential only information falling within three narrow, defined categories: "Protected Health Information," "Security Information," and "Personal Information." ECF No. 78. The deposition transcripts in this case contain very little information falling into these three categories, and Defendants' blanket confidentiality designations are vastly overbroad. Courts consistently find blanket confidentiality designations improper. *E.g.*, *Byard v. Verizon West Virginia, Inc.*, No. 1:11CV132, 2013 WL 5636744, at *2 (N.D.W.Va. Oct. 15, 2013) (rejecting a blanket designation of three deposition transcripts as confidential because this approach was "contrary to the clear language of the protective order to which [the parties] agreed," which "evidence[d] intent of the parties to make specific designations for protection, not necessarily everything[]" in a deposition transcript); *PHL Variable Insurance Co. v. Sheldon Hathaway Family Insurance Trust*, No. 2:10-cv-0067, 2012 WL 12888387 (D. Utah Dec. 6, 2012) ("The entire transcript simply does not contain confidential information as defined by the Protective Order."). Blanket confidentiality designations are particularly improper here, where the information contained in the deposition transcripts is of particular public importance. *See Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995) (finding disclosure proper

because of a "strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system"). This case has been covered in the news. *E.g.*, Lauren Castle, *Federal lawsuit filed against Maricopa County for treatment of inmates during COVID-19*, Arizona Republic (June 16, 2020), https://www.azcentral.com/story/news/local/arizona-health/2020/06/16/coronavirus-pandemic-maricopa-county-sued-inmates-treatment-covid-19/3201788001/. It centers around a topic of considerable public importance: the ways in which Defendants—including an elected official—have taken missteps that have put thousands of class members and the broader Maricopa County community at serious risk. It also involves other matters of public importance. For example, Dr. Crutchfield testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This exact topic has resulted in multiple recent news stories. Jimmy Jenkins, *National Guard gives COVID-19 vaccinations to incarcerated in Maricopa County jails*, Arizona Republic (Nov. 5, 2021), https://www.azcentral.com/story/news/local/phoenix-breaking/2021/11/05/national-guard-give-covid-19-vaccinations-maricopa-county-jails/6301662001/; Jimmy Jenkins, *Maricopa County Sheriff's Office asked for National Guard troops to help understaffed jails*, Arizona Republic (Oct. 29, 2021), https://www.azcentral.com/story/news/local/arizona-breaking/2021/10/29/maricopa-county-sheriffs-office-national-guard-assistance/6194936001/. The public should not be denied access to the information contained in these deposition transcripts. Unless you agree to provide specific designations of portions of deposition transcripts, we will need to involve Magistrate Judge Boyle.

**Kyle Virgien** | he/him | 310.801.3459

---

**From:** Rachel Love <RLove@strucklove.com>
**Sent:** Thursday, January 27, 2022 4:31 PM
**To:** Kyle Virgien <kvirgien@aclu.org>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Timothy Ly <Timothy.Ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

Kyle,

Attached are the notes that Dr. Crutchfield had to refer to in order to answer certain questions posed by you during the deposition.  The redacted portions of page are either unrelated to this case or constitute work product and/or notes memorializing attorney client privileged communications regarding this case.   Moreover, Dr. Crutchfield did not refer to or utilize any information redacted from the notes to answer deposition questions.

Regarding confidentiality designations of the depositions of MCSO and CHS witnesses taken in this case, since the testimony elicited in the depositions was based upon documents produced in the case subject to the protective order, and furthermore exhibits used during the depositions are designated confidential pursuant to the protective order, we designate the depositions as subject to the protective order as well.  Of course, this does not preclude your experts from having access to the deposition transcripts and documents since the experts are subject to the protective order requirements.  However, any portions of the expert reports that quote, refer to, or rely on confidential information elicited during the depositions will need to be designated as confidential, subject to the protective order.

- Rachel

**From:** Rachel Love
**Sent:** Wednesday, January 26, 2022 5:04 PM
**To:** Kyle Virgien <kvirgien@aclu.org>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Ly, Timothy <timothy.ly@dechert.com>
**Subject:** RE: Fenty v. Penzone - Logistical Issues from Fact Depositions

Kyle,

I will get you a response to this tomorrow.

- Rachel

**From:** Kyle Virgien <kvirgien@aclu.org>
**Sent:** Monday, January 24, 2022 2:17 PM
**To:** Rachel Love <RLove@strucklove.com>
**Cc:** Fenty Team <FentyTeam@strucklove.com>; Aditi Shah <ashah@aclu.org>; Corene Kendrick <ckendrick@aclu.org>; External - Jordan Carpenter <Jordan.Carpenter@dechert.com>; External - Kaitlyn Marasi <Kaitlyn.Marasi@dechert.com>; External - Larry Wulkan <larry.wulkan@zwfirm.com>; Jared Keenan <jkeenan@acluaz.org>; Kyle Virgien <kvirgien@aclu.org>; Olga Akselrod <OAkselrod@aclu.org>; Pat Andriola <Pat.Andriola@dechert.com>; Shari Ross Lahlou <shari.lahlou@dechert.com>; Ly, Timothy <timothy.ly@dechert.com>
**Subject:** Fenty v. Penzone - Logistical Issues from Fact Depositions

Rachel,

I'm writing with a few logistical issues now that we're done with fact depositions in *Fenty v. Penzone*:

1. As we discussed during Dr. Crutchfield's January 21 deposition, he had some notes in front of him that you will produce to us. Please produce them by this Wednesday so that we have them ahead of the deadline for our opening expert reports.
2. We discussed at Dr. Crutchfield's January 21 deposition that you will let us know by the end of the day this Wednesday if you will designate any portion of that transcript as confidential. Please also let us know on that same timeframe if there is any other deposition testimony in this case that you will designate as confidential so that we can make any necessary confidentiality designations in our expert report due Friday.
3. During the 30(b)(6) deposition of Lance Leslie, there were several questions for which he stated that he would need to do follow up research after the deposition. Please confirm that you will provide the following by this Wednesday:
    a. [redacted] (30(b)(6) Leslie Depo (Rough) at 43);

    b. ███████████████████████ (*id.* at 78);
    c. ███████████████ (*id.* at 89, 91);
    d. ███████████████████████ (*id.* at 126); and
    e. █████████ e.g. Exhibits 5 and 8 to the Leslie 30(b)(6) deposition, which Leslie testified █████ (*id.* at 35, 128-29).

4. On December 23, 2021, Anne sent an email stating that you would produce unredacted versions of the documents that you had previously produced in a redacted form. We have yet to receive the documents. Please provide the documents by this Wednesday.

Thank you.

**Kyle Virgien**
Pronouns: he/him

Senior Litigation Advisor
National Prison Project
American Civil Liberties Union
39 Drumm St., San Francisco, CA 94111
310.801.3459 | kvirgien@aclu.org

<image001.png>

---

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.